**SCIOTO TERRACE MANOR, INC.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**FOREST HEIGHTS COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

Nos. 13652 and 13690.

United States Court of Appeals
Sixth Circuit.

April 6, 1959.

Louis A. Ginocchio, Cincinnati, Ohio (Ginocchio & Ginocchio, Cincinnati, Ohio, on the brief), for appellants.

Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio (Hugh K. Martin, U. S. Atty., Cincinnati, Ohio, on the brief), for appellee.

Before MARTIN, Chief Judge, and THORNTON and O'SULLIVAN, District Judges.

PER CURIAM.

The Government has brought these two actions against the named defendants seeking in each action a money judgment, foreclosure of a mortgage, a deficiency judgment and the appointment of a receiver as to mortgaged premises held by each defendant. At the conclusion of the hearing in each case, the District Judge ordered the appointment of a receiver, and did in fact appoint two receivers for each corporation. It is the coverage of the appointment to which appellant in each case took exception and to which this appeal is directed. Appellants contend that the prayer of the plaintiff was for the appointment of a receiver for the mortgaged premises, and did not include any request that the corporations themselves be included. At the outset we make the observation that, at the conclusion of the complaint in each of the cases, the plaintiff asks for "all further and proper relief, both legal and equitable."* In view of the equitable nature of receivership proceedings, it seems to us that the inclusion of the above quoted language is adequate to confer jurisdiction on the District Judge to grant more inclusive relief than that specifically requested. " * * * Under the prayer for general relief, a decree which accords with the equities of the cause may be shaped and rendered; the court may grant any appropriate relief that conforms to the case made by the pleadings although it is not exactly the relief which has been asked for by the special prayer. * * * " (19 Am.Jur., Equity, § 410.) It appears from the presentation here that the only asset and the only purpose of each corporation is the particular property involved in each suit. The parties do not appear to be in disagreement on this point. The order of the District Judge overruling the motion for a new trial in the Forest Heights case sets forth that it is a finding of the court that the corporation is a necessary party, and that the corporation's principal asset and purpose is the property involved in that action. The same situation apparently prevailed as to the property involved in the Scioto Terrace case.

In view of the equitable nature of the proceedings, and of the unrestricted nature of Paragraph 6 of the prayer for relief in each complaint, we are of the opinion that Judge Druffel had wide discretion in the conduct of these proceedings, and that we are not in a position to make the determination that it was an abuse of discretion for him to have appointed receivers for the corporations rather than for just the mortgaged property. The corporation in each case was, or is, the alter ego of the mortgaged property. Any distinction between the two is one of form and not of substance. The corporation was created to hold title to the property, manage it, and to carry out any other purposes in connection with such ownership. In the present situation, to speak of one is to automatically include the other—they are two sides of the same coin. A receivership for the property which did not include the corporation would be meaningless and futile.

The orders are affirmed.

* Paragraph 6 of the prayer for relief in each complaint.